IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LACEY CROWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-00690-CV-FJG |
| | ) |
| BOOKER TRANSPORTATION | ) |
| SERVICES, INC., *et. al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Currently pending before the Court is Plaintiff's Motion to Determine Choice of Comparative Fault Law (Doc. No. 23).

**I.   Background**

Robert Bucklin, Jr. was killed on August 11, 2010, when a bicycle he was riding, collided with a tractor-trailer in Oklahoma. Sammy Byrd was the driver of the tractor-trailer on behalf of Booker Transportation Services, Inc.. On July 13, 2011, Plaintiff Lacey Crowe, daughter of Bucklin and resident of Missouri, filed this wrongful death action against Defendant Byrd and Defendant Booker Transportation Services, Inc.. (Doc. No. 1, 24, & 36).

Since the injury occurred in Oklahoma, but the wrongful death heirs are residents of Missouri and the action was brought in Missouri, Plaintiff filed a Motion to Determine Choice of Comparative Fault Law. Under Oklahoma comparative fault law, Plaintiff is only allowed to recover if Bucklin's negligence is determined to be fifty percent or less of the total negligence. Under Missouri comparative fault law, Plaintiff is permitted to recover even if Bucklin's proportional share of fault was greater than that of the

Defendants. Plaintiff states a determination of which state's comparative fault law should apply will assist the parties in evaluating and preparing the case for trial. As such, Plaintiff requests the Court declare that Missouri comparative fault law applies to this case. Defendants request the Court declare Oklahoma substantive law applies to liability, comparative fault, and damages issues in this case.

## II. Choice of Law Analysis

A district court sitting in diversity must apply the choice of law rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). When determining choice of law issues, Missouri courts apply the "most significant relationship" test established by the Restatement (Second) of Conflicts of Law. Heacker v. Safeco Ins. Co. of America, 676 F.3d 724 (8th Cir. 2012). In tort actions, the most significant relationship test carries a presumption that the state with the most significant relationship is the state where the injury occurred, absent an overriding interest of another state based on the factors articulated in Section 6 of the Restatement. Wolfley v. Solectron USA, Inc., 541 F.3d 819,823 (8th Cir. 2008). The factors articulated in Section 6 include:

> (a) the needs of the interstate and international systems;
> (b) the relevant policies of the forum;
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;
> (d) the protection of justified expectations;
> (e) the basic policies underlying the particular field of law;
> (f) certainty, predictability, and uniformity of result; and
> (g) ease in the determination and application of the law to be applied.

RESTATEMENT (SECOND) OF CONFLICTS OF LAW § 6 (1971).

Courts must consider the following contacts when applying the Section 6 principles:

(1) the place of the injury;
(2) the place of misconduct;
(3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and
(4) the place where the relationship between the parties is centered.

RESTATEMENT (SECOND) OF CONFLICTS OF LAW § 145(2) (1971).

In tort actions, such as the present one, the only applicable Section 6 factors are those listed in paragraphs (b), (c), and (e), which emphasize the relevant policies of the forum, other interested states, and basic policies underlying the field of law. Flynn v. Mazda Motors of America, No. 4:09-CV-2069-HEA, 2010 WL 2775632, at *3 (E.D. Mo. July 14, 2010). Under Section 145, the relevant contacts in this case include: (1) Oklahoma - the place of the alleged injury; (2) Oklahoma – the place of misconduct; and (3) Missouri, Oklahoma, & Texas – the wrongful death heirs' residence, Robert Bucklin's residence[1], Defendant Byrd's residence, and Defendant Booker Transportation Services' place of incorporation and principal place of business. Since Section 145 paragraph (4) emphasizes the relationship between the parties and the particular relationship in this case arises only out of an accident that occurred momentarily in Oklahoma, this contact is limited, and thus, not determinative. Id.

The Restatement notes, a "state has an obvious interest in regulating the conduct of persons within its territory and in providing redress for injuries that occurred

---

[1] Plaintiff and Defendants dispute whether Robert Bucklin was a resident of Missouri or Oklahoma. Discovery responses to interrogatories list Bucklin's permanent address as Missouri and indicate that he had been residing in Oklahoma for two years prior to his death (Doc. No. 36). A resident is someone who has been "dwelling in a place other than one's home on a long-term basis". Black Law's Dictionary (9th ed. 2009). As such, the Court finds decedent was a resident of Oklahoma.

there. Thus, subject to only rare exceptions, the local law of the state where conduct and injury occurred will be applied." RESTATEMENT (SECOND) OF CONFLICTS OF LAW § 145 cmt. d (1971). This is particularly true in wrongful death actions. Id. § 175. Rare exceptions include situations in which the laws of Plaintiff's residential state impose a higher standard of care in protection of its residents injured in other states or where there are a group of contacts within the same state. Id. § 145 cmt. d & e. The answer to this question also depends upon whether some other state has a greater interest in the determination of the particular issue than the state where the injury occurred. Id. § 175 cmt. d. The extent of the interest of each of the potentially interested states should be determined based on the purpose sought to be achieved by the state's relevant local law rules and of the particular issue involved. Id.

Given that Oklahoma is the place of injury, the Court must determine whether Missouri or Texas has an overriding interest to Oklahoma. Neither Plaintiff nor Defendants contend that Texas law applies to any issue in this case (Doc. No. 24). As such, the Court shall limit its discussion to Oklahoma and Missouri law.

Plaintiff relies on the holding of Hicks v. Graves Truck Lines, Inc. to assert that Missouri has a strong, overriding interest. 707 S.W.2d 439 (Mo.App. 1986). In Hicks, a Missouri resident, while driving in Kansas, collided with a vehicle operated by a Kansas corporation. The Kansas modified comparative fault doctrine states that a claimant who is determined to be at least fifty percent at fault will be denied recovery. In its determination of which state's comparative fault law should apply, the Court reasoned that Missouri's law should apply because "significant Missouri interests are impaired if the Kansas modified comparative fault doctrine is applied to deny any ratable damage

recovery to Missouri claimants who sue in Missouri courts." Id. at 444. The Court further stated that "Kansas interests are not greatly impaired if Missouri comparative fault law is applied [because Kansas residents]…still receive[] some protection in that the amount is reduced in direct proportion to the contributing fault." Id. at 444-445. Plaintiff states that since, in this case, a Missouri claimant is seeking damages for an injury that occurred outside of Missouri and has brought suit in a Missouri court, Missouri comparative fault law should apply. Furthermore, Plaintiff points to the following contacts, collectively, as significant Missouri contacts that override Oklahoma's interest: (1) the Plaintiff was a resident of Missouri at the time of her father's death and resides in Missouri today; (2) the other three wrongful death heirs (Branden Bucklin, Robert Bucklin, Sr. and Susie George) were all residents of Missouri at the time of Mr. Bucklin's death and all reside in Missouri today; (3) the action was brought in Missouri; (4) the Defendants engaged in conduct that submitted them to the personal jurisdiction of Missouri; (5) although he was living in Oklahoma at the time of his death, the decedent was born in Missouri, had a Missouri nondriver license, and maintained his permanent address in Joplin, Missouri; (6) Plaintiff and the other wrongful death heirs have suffered and will continue to suffer the effects of Mr. Bucklin's death in Missouri; and (7) Plaintiff and the other wrongful death heirs incurred funeral and burial expenses in Missouri relating to Mr. Bucklin's death. (Doc. No. 24).

Defendants argue Hicks is inapplicable and thus, Oklahoma law should apply. First, Defendants state this case is a wrongful death case, not simply an automobile accident case. Second, this case is completely unconnected to Missouri in that the place of the accident was Oklahoma and the injured party is a resident of Oklahoma.

As such, the wholly fortuitous residence of the statutory beneficiaries in Missouri does not warrant disruption of the presumption that the law of the place of injury – Oklahoma – is the appropriate substantive law to apply. Finally, other relevant Oklahoma contacts include: (1) the only known employers of decedent were located in Oklahoma; (2) decedent entered a guilty plea to DWI, driving with a suspended license and transporting an open container on March 26, 2010 in Oklahoma; (3) decedent entered a no contest plea to larceny of gasoline and driving with a suspended license on August 4, 2010 in Oklahoma; (4) decedent resided in Oklahoma from 2008 until the time of his death; and (5) decedent's mailing address and physical address when applying for and appealing unemployment benefits was Oklahoma. (Doc. No. 36).

Considering the above factors, there are none which significantly overcome the presumption that the law of the place of injury is the appropriate law to apply to comparative fault and damage issues. This case can be distinguished from <u>Hicks</u>. This case, unlike <u>Hicks</u>, is a wrongful death action regarding a decedent whose place of residence and place of injury was Oklahoma. The decedent's residence is a significant contact that, given the facts of this case, trumps that of the residence of the wrongful death heirs.[2] Accordingly, Oklahoma law is the choice of law that shall apply to comparative fault and damages issues, in this case.[3]

---

[2] The residence of the wrongful death heirs has the potential to be considered a significant contact in cases where denial of recovery, based on a state's comparative fault law, would leave the heirs as wards of the state. <u>Carver v. Shafer</u>, 647 S.W.2d 570, 577 (Mo.App. E.D. 1983). In this case, Plaintiff and at least one of the heirs are over the age of 25, so this is not applicable (Doc. No. 36).

[3] Defendants request the Court also declare that Oklahoma law applies to liability (Doc. No. 36). Plaintiff states, "there is no dispute in this case that Oklahoma law governs the standard of care applicable to the defendants and the decedent in this case." (Doc. No. 38). As such, the Court declines to rule on choice of law on liability issues, at this time.

## III. CONCLUSION

Plaintiff's Motion to Determine Choice of Comparative Fault Law (Doc. No. 23) is hereby **GRANTED** in part and **DENIED** in part. Oklahoma law shall apply to comparative fault and damages, in this case.

**IT IS SO ORDERED.**

Date: 09/27/12
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge